M. SMITH, Circuit Judge,
dissenting:
I respectfully dissent from the majority decision granting the petition for review. I believe the BIA did not abuse its discretion in denying the motion to reopen because the evidence that De Silva submitted with the motion was insufficient to establish changed country conditions in Sri Lanka. See Toufighi v. Mukasey, 538 F.3d 988, 996 (9th Cir.2008).
To show changed country conditions, De Silva pointed to the death of his brother, and submitted a death certificate and his own cursory declaration. But affidavits and declarations may be insufficient to show changed country conditions if they do not contain sufficient detail or context. See Feng Gui Lin v. Holder, 588 F.3d 981, 986 (9th Cir.2009) (holding that statement from petitioner’s mother was cursory and did not contain sufficient detail, when rejecting petitioner’s argument that country conditions had changed); He v. Gonzales, 501 F.3d 1128, 1132-33 (9th Cir.2007) (holding that petitioners provided insufficient supporting documentation to establish changed conditions because sworn statement from one of the petitioners provided neither dates nor context).
Here, the declaration provides only the following about De Silva’s brother’s death: “My brother was killed by the drug traffickers in 2008 with the aid of the police and they have threatened my life. I recently found out that they killed my brother by mistake thinking that it was me.” Taking the facts presented in the declaration as true, see Bhasin v. Gonzales, 423 F.3d 977, 987 (9th Cir.2005), the declaration nevertheless lacks sufficient detail and context, and is therefore insufficient to show changed country conditions.
The majority relies on De Silva’s attorney’s statements from the motion to reopen, which provide additional details, to bolster De Silva’s bare bones declaration. However, there is no evidence attached to the motion to corroborate most of the attorney’s allegations. And we may not rely on the statements of De Silva’s attorney in the motion because they are “unsupported assertions,” and not evidence. See I.N.S. v. Phinpathya, 464 U.S. 183, 188 n. 6, 104 S.Ct. 584, 78 L.Ed.2d 401 (1984).
The majority attempts to “incorporat[e] by reference” the statements of De Silva’s attorney into the declaration via one line in it, which provides that De Silva “ha[s] reviewed the Motion to Reopen ... and all of the facts contained in the motion are *601 true to the best of [his] knowledge.” However, this single line of boilerplate is not sufficient to overcome the Supreme Court’s precedent that assertions by attorneys in a motion are not evidence. See id. De Silva appears to merely be vouching for the truthfulness of his attorney, rather than stating that he has personal knowledge of all of the occurrences described in the motion.
Because De Silva’s attorney’s statements do not constitute evidence, De Silva failed to submit sufficient evidence to demonstrate material, changed country conditions. Therefore, I respectfully dissent.